UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA CHURA, ET AL.,** | ) | CASE NO.1:08CV2278 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **OLD REPUBLIC NATIONAL TITLE INSURANCE CO., ET AL.,** | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion of Plaintiffs to Remand this action pursuant to 28 U.S.C. §1447.  For the following reasons, the Court grants Plaintiff's Motion and remands this action to the Cuyahoga County Court of Common Pleas.

**Procedural History**

In 2002, Plaintiffs Donna and Robert Chura filed a Class Action Complaint in Cuyahoga County Court of Common Pleas, Case No. 02-489480, (the *Chura* case), alleging Defendant Old Republic National Title Insurance Company failed to provide them a credit for title insurance purchased when they refinanced their mortgage.  On November 29, 2007, Frank and Maureen Mitch ("Mitches") filed a Motion for Leave of Court to Intervene or, Alternatively, to be Substituted or Join in the Captioned Case.  Attached to their Motion, as an exhibit, was their proposed Class Action Complaint of Intervenors.  On September 9, 2008, the Court of Common Pleas granted Intervenor's Motion for Leave of Court to Intervene.  The Cuyahoga County Court of Common Pleas' docket does not contain an entry evidencing the Intervenor's Complaint was

1

ever filed in the 02-489480 case.  However, on September 23, 2008, the Court of Common Pleas docketed a Class Action Complaint of Intervenors under a new case number, 08-671320, containing the same parties-i.e. *Donna and Robert Chura v. Old Republic National Title Insurance Company*- and listing Frank and Maureen Mitch as Intervenors.  The face of the Class Action Complaint of Intervenors was filed with the 02-489480 case number caption and contained the name of the judge presiding over the 02-489480 case.  However, the Complaint was filed via mail and contained a check for $100.00.  On September 25, 2008, Defendant Old Republic National Title Insurance Company removed Case Number 08-671320 to this Court, alleging it was proper under the Class Action Fairness Act 28 U.S.C. § 1332(d).  On October 8, 2008, Defendant removed Case Number 02-489480 to this Court.  On October 24, 2008, Intervening Plaintiffs filed a Motion to Remand Case Number 08-671320 to state court and on October 29, 2008, filed a Motion to Remand Case Number 02-489480 to state court.  The Motions are fully briefed and ripe for ruling.

## STANDARD OF REVIEW

28 U.S.C. §1441 "provides that an action is removable only if it could have initially been brought in federal court."  *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky. 1990).  The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant.  *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  Removal jurisdiction is based on the allegations in the Complaint at the time of removal.  *See, e.g., Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000). Courts should resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non- removing party." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493

(6th Cir. 1999), quoting *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir. 1994).  "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*  The court must review the complaint as it existed at the time the petition for removal was filed, and all doubts must be resolved against removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F. 3d 451, 453 (6th Cir. 1996); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).  "Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction."  *Walsh v. American Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky. 1967); *see also Breymann v. Pennsylvania*, O. & D. R.R., 38 F.2d 209, 212 (6th Cir. 1930).   Pursuant to 28 U.S.C. §1447(c), cases originally filed in state court must be remanded if, at any time before trial, it appears that the federal court to which they were removed lacks subject matter jurisdiction.  *Curry v. U.S. Bulk Transport, Inc.,* 462 F.3d 536, 541 (6th Cir. 2006).

## ANALYSIS

Defendant contends removal is proper because the Intervenor's Complaint is a new action and was removed within thirty days of service on Defendant.  Defendant contends the evidence supports the conclusion the Mitches intended to file a new action when they filed the Intervenor's Complaint.  The Complaint was filed with a $100.00 check which is only required when filing a new action.  Furthermore, Defendant contends Intervenors filed a case designation form with the Intervenor's Complaint which is required when filing a new action but is not required when intervening in an existing action.  A summons and the complaint were both served on Defendant and the Intervenor's Complaint was filed solely by counsel for the Churas and did not include W. Craig Bashein, who is additional counsel for the Mitches.

Plaintiffs contend the Intervenor's Complaint was mistakenly deemed a new case by the Cuyahoga County Court of Common Pleas Clerk of Courts.  The face of the Intervenors' Complaint contains the 2002 *Chura* case party caption, case number and judge's name.  The 2002 *Chura* case docket contains a Motion for Leave of Court to Intervene filed by the Mitches and the docket reflects the state court granted the Mitches' Motion for Leave to Intervene in the 2002 *Chura* case.  The Mitches' counsel filed an affidavit wherein he attests the Intervenors' Complaint was intended to be filed in the 2002 *Chura* case; that he was unaware that a check for $100.00 was included with the packet containing the Intervenors' Complaint, and that the inclusion of the $100.00 was a mistake. Furthermore, he attests his office did not prepare a case designation form. Also, the Mitches contend the 2002 *Chura* case docket contains a Motion of Plaintiffs for Order Correcting the Docket filed September 30, 2008, on the basis that the Clerk's office mistakenly opened a new case on the Intervenors' Complaint rather than placing it on the docket of the 2002 *Chura* case. In addition, the Mitches contend case law clearly holds an Intervenors' Complaint does not commence a new action.

The well-pleaded complaint rule holds that "the plaintiff is the master of the complaint, that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Warner v. Ford Motor Co.,* 46 F.3d 531, 533 (6th Cir.1995). Intervening Plaintiffs contend they never intended to file a new action.  The face of the Intervening Complaint has the 2002 party names, case number and judge's name in the caption and is captioned "Class Action Complaint of Intervenors".  The affidavit of counsel of Intervenors attests that the inclusion of the $100.00 filing fee was a mistake.  Coupled with the fact that the

Intervenors were granted leave to intervene in the 2002 case two weeks before the filing of the Intervenors Complaint all provide strong evidence that a mistake was made at the state court level.  Because Defendants removed the 2002 action on October 8, 2009, approximately one week after Plaintiffs filed a Motion for an Order Correcting the Docket, the state court did not have an opportunity to determine whether a mistake had been made.  The evidence presented to this Court supports the Intervening Plaintiffs' contention that a mistake was made and the state court could reach that conclusion. Whether the Intervenor's Complaint constitutes a new action or was simply a docketing mistake is a critical question that may be dispositive of the jurisdiction of this Court to hear the claims addressed therein.  Therefore, in the interest of comity, this Court finds that the determination of whether a mistake occurred is rightfully within the purview of the state court and the Court remands the case back to the Cuyahoga County Court of Common Pleas to make such determination.

       IT IS SO ORDERED.

     S/Christopher A. Boyko
     CHRISTOPHER A. BOYKO
     United States District Judge

February 12, 2009